CHRYSLER CREDIT CORPORATION,
Plaintiff,

v.

Gilbert E. BURNS, Defendant, Third-Party Plaintiff and Respondent,

v.

U. & S. MOTOR COMPANY, INC., a Utah corporation, Third-Party Defendant and Appellant.

No. 13580.

Supreme Court of Utah.

Oct. 29, 1974.

---

**656**

Michael W. Park, Cedar City, for third-party defendant and appellant.

Robert L. Gardner, Cedar City, for defendant-third party plaintiff and respondent.

ELLETT, Justice:

Mr. Burns bought a mobile trailer from the U. & S. Motor Company, Inc., and signed a contract, whereby he promised to pay therefor the sum of $126.21 per month for 36 months, and in addition thereto he was to be given top blue book credit for a car which he traded in on the deal. The contract provided:

> . . . No. warranties, express or implied, and no representations, promises or statements have been made by Seller unless endorsed hereon in writing.

No warranties were written thereon except as to defective material and workmanship.

The contract was assigned to the plaintiff. After Mr. Burns was nine payments in arrears, the plaintiff brought an action to recover possession of the trailer, so that it might be sold, and to determine the amount remaining unpaid, if any, after application of the proceeds of sale to the unpaid balance as provided in the contract. Mr. Burns refused to deliver possession of the trailer and by answer stated:

> \* \* \* \* \* \*
>
> 2. Defendant admits that he has refused to make payments on said contract and has refused to deliver possession of said trailer to Plaintiff or anyone else for the cause and reason that the said trailer, by reason of a breach of warranty on the part of the seller and the defendant, U & S Motor Company, was

not fit for the purpose of its intended use, and the Defendant did refuse to make any further payments until such time as the defects were corrected.

> . . .
>
> \* \* \* \* \* \*
>
> 5. That by reason of said breach of warranty, the Defendant was damaged to the extent of the $2260 paid on said trailer and an additional sum in the amount of $2500 by reason of the inconvenience, expense, and loss of use of said trailer.
>
> WHEREFORE, Defendant prays judgment restraining the Plaintiff from taking possession of said trailer and/or selling the same and for judgment against U & S Motor Company, Inc., for $2260 special damages and $2500 general damages, and for a reasonable attorney's fee and costs of court, and such other and further relief as the Court deems just and proper.

He did not ask for a rescission of the contract. He merely claimed damages because the trailer did not seem to him to be fit for the purposes for which it was sold, to wit: a stationary home.

One sympathizes with Mr. Burns. He was a disabled war veteran without a home or a job. He told the U. & S. Motor Company, Inc., that his monthly salary was $460 when he was arranging for the purchase of the trailer. The fact was that at that time he had no salary at all. At trial he testified that he was expecting a pension in that amount. However, his pension, which was his sole source of money when it came, amounted only to $179 per month. It was not sufficient for him to make the payments as promised, and he became in arrears and made repeated promises to pay. Once when he could not pay the plaintiff, he let the president of the U. & S. Motor Company, Inc., take a rifle as security if the president would make two payments on the trailer. The payments were made, and thereafter Mr. Burns paid $10 towards redemption of the rifle. The president of the U. & S. Motor Company,

Inc., is not now and never was a party to this action.

While Mr. Burns was testifying at trial the following questions and answers were recorded:

Q Mr. Burns, did you ever tell U & S Motors to take back the trailer?

A No, he tried to get me to do that, he met me up in the bank, I was trying to borrow money to make the payment, he met me up in the bank and he says, "Are you trying to tell me to take it," and I said, "Absolutely not."

\* \* \* \* \* \*

Q And, okay, up till the time you filed your cross-complaint you wanted to keep the trailer, is that correct?

A I was trying to get the payment down to where I could meet them.

Q And what payment could you meet?

A I told him $50.00 a month.

Q And if you could have paid $50.00 a month you would have kept the trailer?

A I would have had to live someplace.

Mr. Burns left the trailer for some time, and as a result the water lines froze and ruptured. He made many complaints about the defects in the trailer and its equipment. However, he never demanded rescission at anytime, and it is rather obvious that he wanted to keep the trailer as a home in which to live.

Although the contract provides that there were no warranties, etc., except those in writing and incorporated therein, the trial judge was of the opinion that there was a warranty of fitness for the purpose for which Mr. Burns intended to use the trailer, by reason of the provisions of Section 70A–2–315, U.C.A.1953 as amended (Replacement Volume 7B). The next section of the statute provides:

(1) . . .

(2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."

(3) Notwithstanding subsection (2)

(a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty; and

\* \* \* \* \* \*

Since the language of the contract specifically excluded all warranties except those written in the contract, it appears that the implied warranty of fitness was excluded.

Our statute provides that a buyer of goods accepts them unless he gives notice of rejection to the seller within a reasonable time after delivery to him.[1] The statute further provides that the buyer accepts the goods if he fails to make an effective rejection after he has had a reasonable opportunity to inspect them.[2]

In this case Mr. Burns kept the trailer and equipment for over two years and never once gave notice of rejection or desire to rescind the contract.

The trial court concluded:

1. That the Defendant and Third-Party Plaintiff Burns is entitled to judgment against the Third-Party Defendant, U. & S. Motor Company, Inc., and Plaintiff, Chrysler Credit Corporation, rescinding the conditional sales contract entered into between the parties and is further entitled to judgment based upon said rescission in the amount of $2,388.81 together with interest thereon from the

1. Section 70A–2–602, U.C.A.1953 as amended (Replacement Vol. 7B).

2. Section 70A–2–606(1)(b), U.C.A.1953 as amended (Replacement Vol. 7B).

**658**

date of filing of the complaint and further for a return of the rifle given to the Third-Party Defendant, U. & S. Motor Company.

2. That the Third-Party Defendant, U. & S. Motor Company, Inc., is entitled to an offset against said judgment in the amount of $883.47 as rental for a period of seven (7) months that the said Defendant Burns had the use and benefit of said trailer.

3. That the Third-Party Plaintiff Burns is entitled to judgment against the Third-Party Defendant U. & S. Motor Company, Inc., for costs of suit.

In so concluding, the trial court erred. The judgment is reversed and the case remanded with directions to order a sale of the trailer and to determine the amount of deficiency, if any, together with attorney fees and costs, as prayed for in the complaint on file herein. No costs are awarded on appeal.

CALLISTER, C. J., and HENRIOD, CROCKETT, and TUCKETT, JJ., concur.