**CHRYSLER CREDIT CORPORATION, Plaintiff and Respondent,**

v.

**Gilbert E. BURNS, Defendant, Third-Party Plaintiff, Appellant and Cross-Respondent,**

v.

**U. & S. MOTOR COMPANY, INC., a Utah Corporation, Third-Party Defendant, Respondent and Cross-Appellant.**

**No. 14640.**

Supreme Court of Utah.

March 22, 1977.

---

Willard R. Bishop, of Morris & Bishop, Cedar. City, for appellant.

Michael W. Park, Cedar City, for respondent.

WILKINS, Justice:

This case was before this Court on appeal and decided on October 29, 1974. That decision is found in Utah, 527 P.2d 655 (1975), to which the reader is referred and in which it is stated:

> The judgment is reversed and the case remanded *with directions to order a sale of the trailer* and to determine the amount of deficiency, if any, together with attorney fees and costs, as prayed for in the complaint on file herein. No costs are awarded on appeal. [Emphasis added.]

After remand in this matter, U. & S. Motor Co. filed a motion in the District Court for a deficiency judgment of $517.00 and attorney's fees of $473.13. Burns then filed a motion seeking a judgment of $1,457.00 against U. & S. Motor Co. for damages for failure to comply with the statutory procedures governing repossession and sale, viz., Sections 70A–9–504(3) and 70A–9–504(1), Utah Code Annotated 1953, as amended, (Repl.Vol. 7B). The District Court in a judgment dated May 17, 1976, denied U. & S. Motor Co.'s claim for a deficiency but granted its claim for attorney's fees. Said Court also denied Burn's claim for damages. Burns appeals from the Court's denial of his claim and the award of attorney's fees; and U. & S. Motor Co. cross appeals from a denial of a deficiency judgment to it.

As noted above this Court remanded to the District Court "with directions to order a sale of the trailer". The record on appeal shows no order for sale by said District Court, so we conclude no sale was ordered by the District Court as mandated by this Court. Further, the District Court in its judgment dated May 17, 1976 stated that no notice of the time, date, place, and manner of sale was ever given to Burns by U. & S. Motor Co. as is normally required under statutory procedures mentioned supra.

The record in this matter, because of reasons advanced in comments previously made, demonstrates that the sale was not commercially reasonable. Therefore, we hold that U. & S. Motor Co.: is entitled to no deficiency judgment, as the District Court adjudged; and that it is entitled to no attorney's fees, as to which the District Court is reversed. We further hold that Burns is entitled to damages pursuant to Section 70A–9–507, U.C.A.1953, as amended, (Repl.Vol. 7B).

Remanded for further proceedings by the District Court not inconsistent with this opinion.

WE CONCUR:

ELLETT, C. J., and CROCKETT and MAUGHAN, JJ., concur.

HALL, J., does not participate herein.